NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIOSMERIS ESPINAL, | |
| Plaintiff, | |
| v. | Civ. Action No. 11-5799 (KSH) |
| WEST ASSET MANAGEMENT, INC., | |
| Defendant | **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

I.   Introduction

Plaintiff Diosmeris Espinal brought a complaint in state court against defendant West Asset Management, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant removed the case to federal district court and filed this motion to dismiss.

II.   Facts and Procedural History

The facts asserted in plaintiff's complaint are sparse.  The complaint alleges that plaintiff is a "consumer" within the meaning of the FDCPA and that defendant is a "debt collector" within the meaning of the FDCPA.  (*Id.* ¶¶ 2–5.)

The complaint concedes that defendant "attempted to collect a debt that falls within the definition of 'debt' for the purposes of 15 U.S.C. § 1692a(5)."  (*Id.* ¶ 6.)  On an unspecified date, according to the complaint, defendant sent a letter to plaintiff stating "that the original creditor has 'assigned' the account to [defendant] 'to assist you in resolving the outstanding balance.'"  (*Id.* ¶ 7.)  This constitutes the entirety of plaintiff's assertions regarding the contents of the letter,

1

which was not attached as an exhibit to the complaint.  The complaint describes the letter as "intentionally ambiguous and . . . intended to be deceptive regarding [defendant's] role and the current debt ownership status of the original creditor," and asserts that defendant "is misrepresenting the amount owed, if indeed any debt exists."  (*Id.* ¶¶ 8–9.)

It must be noted that plaintiff has not filed timely opposition to this motion.  Local Civil Rule 7.1(b)(1) provides that "[u]nless a Judge or Magistrate Judge advises the attorneys otherwise, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L. Civ. R. 7.1."  Rule 7.3(c)(1) makes clear that "[t]he regular motion days for all vicinages are set forth in L. Civ. R. 78.1."  Moreover, Rule 7.1(d)(2) states that opposition papers "must be filed with the Clerk at least 14 days prior to the original motion day, unless the Court otherwise orders, or an automatic extension is obtained pursuant to L. Civ. R. 7.1(d)(5)."  Here, defendant filed a motion to dismiss on October 27, 2011, and consistent with the Local Rules, this Court set a return date for November 21, 2011.  Therefore, under Local Rule 7.1(d)(2) and the chart published by the Clerk's office under Rule 78.1, plaintiff's opposition brief was due on November 7, 2011.  Plaintiff did not request an extension and did not file an opposition brief until November 21, 2011.  (The brief is dated November 15, 2011, but the discrepancy is irrelevant because either date is out of time.)

Nevertheless, even if this Court were to consider plaintiff's opposition, the arguments made therein do not alter this Court's analysis and conclusion.

III. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  This standard "does not require 'detailed factual allegations,' but it demands

2

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A pleading must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  This means that the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Plaintiff need not satisfy a "probability requirement" but must show "more than a sheer possibility that defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] court must accept as true all of the allegations contained in a complaint," but that rule "is inapplicable to legal conclusions," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "Context matters in notice pleading," and a complaint fails to state a claim if "the factual detail in a complaint is so undeveloped that it does not provide a defendant with the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

## IV. Discussion

Plaintiff alleges that defendant is liable for a violation of 15 U.S.C. § 1692j(a), which declares it "unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer

allegedly owes such creditor, when in fact such person is not so participating."  Plaintiff also alleges a violation of 15 U.S.C. § 1692e(2), which prohibits "[t]he false representation of — (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

The complaint fails to put forth facts sufficient to support its claims for relief.  The entirety of plaintiff's claim emanates from defendant's letter, but plaintiff did not annex a copy of the letter nor even cite text demonstrative of his claim.  With regard to defendant's role in debt collection, plaintiff alleges that the language "is intentionally ambiguous and is intended to be deceptive regarding [defendant's] role and the current debt ownership status of the original creditor," and argues that "[a]n average consumer . . . would be deceived by this letter."  (Compl. ¶ 8, Claims for Relief.)  But it is not possible for this Court (or defendant, for that matter) to discern what language in the letter is "ambiguous" when plaintiff had pleaded only snippets of its contents, with most of the letter left to paraphrasing.  Further, plaintiff indicates that the letter is deceptive regarding defendant's role and the ownership status of the original creditor, but nowhere does plaintiff set forth facts indicating the original creditor's identity or facts supporting plaintiff's claim that the letter is deceptive in its presentation of the ownership circumstances.

Plaintiff's claim that defendant is misrepresenting the size of the debt is similarly unavailing.  Plaintiff does not plead how much defendant alleges that plaintiff owes, nor does plaintiff plead the actual amount the debt.  Instead, the complaint states nothing more than the legal conclusion that plaintiff "is misrepresenting the amount owed."  The complaint also suggests that it is possible that no debt actually exists.  (*See id.* ¶ 9 ("Defendant . . . is misrepresenting the amount owed, if indeed any debt exists.").)  This appears to contradict the complaint's earlier assertion that defendant "attempted to collect a debt that falls within the

4

definition of 'debt' for purposes of" the FDCPA.  (*Id.* ¶ 6.)  But regardless of whether a contradiction exists, Rule 8 exists to ensure that a defendant receives fair notice of the facts underlying the claim against him.  *See Phillips*, 515 F.3d at 232.  In this instance, plaintiff presents no facts and instead simply speculates that there may not be a debt at all.

In providing examples of the type of information that the complaint did not include, this Court does not suggest that including such information would have spared this complaint from dismissal.  Rather, those examples are meant only to show the dearth of basic facts in the complaint, which only reflects generalities closely tracking the statutory elements for the relevant FDCPA violations.  As the Supreme Court has said with regard to Rule 8: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.  And "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting *Fed. R. Civ. P.* 8(a)(2)).  The complaint here provides only one truly pertinent fact: that "[i]n its letter to Plaintiff, [defendant] stated that the original creditor has 'assigned' the account to [defendant] 'to assist you in resolving the outstanding balance.'"  (Compl. ¶ 7.)  From this, plaintiff essentially asks this Court to take plaintiff's word that the letter is ambiguous, is intended to be deceptive, and misrepresents the amount owed.  Rule 8 requires more.  Because plaintiff has failed to allege sufficient facts to make these inferences plausible, the complaint fails to state a claim on which relief can be granted.[1]  Defendant's motion is granted and the complaint is dismissed.

---

[1] Because this Court has determined that the complaint fails to state a claim, it need not address defendant's argument that plaintiff must first resort to an FDCPA validation process to dispute the amount owed.

V.  <u>Conclusion</u>

For the foregoing reasons, defendant's motion to dismiss is granted.

<u>/s/ Katharine S. Hayden</u>

November 22, 2011                              Katharine S. Hayden, U.S.D.J.